UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERICK CAMPOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-203 |
| | § | |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **TEMPORARY RESTRAINING ORDER**

Petitioner Erick Campos is a national of El Salvador currently detained by U.S. immigration authorities in the Southern District of Texas. (*See* Emergency Pet., Doc. 2–1) Campos has protection from removal to El Salvador. (*See* Notice, Doc. 19)

In a Verified Petition, Petitioner alleges that Respondents intend to remove him to Mexico imminently. (Motion, Doc. 6, 1–2) Petitioner requests that the Court enter a Temporary Restraining Order prohibiting his removal while he seeks further relief.

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Court finds that the removal of Campos by the United States would cause Campos immediate and irreparable injury, as he would be unable to seek habeas relief. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal). The Court finds that maintaining the status quo is required to afford the parties the ability to

develop a fuller record for the Court to consider the arguments of the parties, and to prevent immediate and irreparable injury.

Accordingly, based on the Court's inherent powers and pursuant to Federal Rule of Civil Procedure 65, it is:

**ORDERED** that Respondents are enjoined from removing or deporting Erick Campos during the effective dates of this Temporary Restraining Order;

**ORDERED** that Respondents are enjoined from transferring or relocating Petitioner Erick Campos outside of the Southern District of Texas during the effective dates of this Temporary Restraining Order.

Through separate Notice, the Court will schedule an expedited hearing in this manner.

This Temporary Restraining Order shall expire on the earlier of 5:00 p.m. (central standard time) on March 6, 2026, or by Order of the Court.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on February 20, 2026, at 7:15 p.m. (central standard time) in Brownsville, Texas.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge